**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4375

BRANDON FORREST SHELDON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Peter J. Messitte, District Judge.
(CR-95-148-PJM)

Submitted: January 31, 1997

Decided: February 26, 1997

Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard C. Bittner, BITTNER & DEMYAN, Glen Burnie, Maryland,
for Appellant. Lisa J. Stark, Appellate Section, Civil Division,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C.; Lynne A. Battaglia, United States Attorney, Douglas B. Far-
quhar, Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Sheldon appeals from his convictions and sentence for violating 18 U.S.C. § 241 and 42 U.S.C. § 3631 (1994). Sheldon and an accomplice, John Boyd, Jr., built a cross out of lumber, doused it with diesel fuel, and burned it in front of the house occupied by a mixed race couple. Sheldon claims that his convictions violate his First Amendment rights, and that the trial court erred in finding that he improperly used his peremptory challenges, erred in admitting certain evidence, and erred by enhancing his sentence under the sentencing guidelines. We affirm.

We find no First Amendment violation in the convictions. Sheldon contends that the trial court should have instructed the jury on the test set out in Brandenburg v. Ohio, 395 U.S. 444 (1969). However, we find no difference in the instructions given his jury and the instructions approved by the court in United States v. Lee, 6 F.3d 1297, 1304 (8th Cir. 1993) (en banc) (concurring opinion), which Sheldon cites as giving the proper instructions when Brandenburg is applied. We find that the statutes are not overbroad. See, e.g., United States v. Stewart, 65 F.3d 918, 928-29 (11th Cir. 1995), cert. denied, 116 S. Ct. 958 (1996). We also find that the statutes are not unconstitutionally vague. See, e.g., Stewart, 65 F.3d at 929. We thus reject his constitutionally-based arguments.

Sheldon next claims that the trial court erred by finding that he exercised peremptory challenges against three jurors based on their race. Such a finding by the trial court is given "great deference" by this court and is reviewed for clear error. See Hernandez v. New York, 500 U.S. 352, 364 (1991); Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995). After examining the record, including the reasons given by the trial court for making its findings, we are unable to say that the findings as to the exercise of these challenges are clearly erroneous.

2

The government presented evidence during the trial of Sheldon's speech and actions which showed racial animus. He contends that the trial court abused its discretion by allowing such evidence to be admitted under Fed. R. Evid. 403. We find no abuse of discretion. See United States v. McInnis, 976 F.2d 1226, 1230-32 (9th Cir. 1992) (evidence properly admitted of defendant's possession of items showing racial animus in § 3631 prosecution).

Finally, Sheldon presents three sentencing guidelines claims. First, he claims that the trial court erred in enhancing his base offense level by three levels for intentional selection of his victim based on race. U. S. Sentencing Guidelines Manual § 3A1.1(a) (1995). However, application note 4 to U.S.S.G. § 2H1.1 clearly shows that it is appropriate to add the three levels for selection of victim based on race. Sheldon next claims that his sentence enhancements under both § 3A1.1(a) and § 3A1.1(b) (selection of vulnerable victim) are duplicative. We reject this claim because the district court did not apply the vulnerable victim enhancement solely because of the race of the victim. That enhancement was partially based on the isolated location of the victims' home and did not duplicate the enhancement for selection of a victim based on the victim's race. The last guidelines argument is that the trial court failed to specifically find that the victims were targeted due to their vulnerability as is required for proper application of the enhancement. However, the court's statements, taken in context with the arguments of the attorneys, show that the requisite finding was made. We thus find no sentencing guideline errors.

We therefore affirm Sheldon's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED